# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AYON,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL L. BENOV,<br><br>    Respondent. | Case No.  1:13-cv-1120-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is in the custody of the Bureau of Prisons at the Taft Correctional Institution located in Taft, California, pursuant to a judgment of the United States District Court, Southern District of California, following his conviction for importation of cocaine in violation of 21 U.S.C. §§ 952, 960. (Resp't's Answer, Ex. 1, Vickers Decl. at ¶ 2.) Petitioner was sentenced to serve a determinate prison term of 33 months in federal prison, and he currently has a projected release date of November 10, 2013, via good conduct time. (Id., at ¶ 2.)

On July 19, 2013, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner does not challenge his conviction. Rather, he challenges a disciplinary

1

proceeding held on September 27, 2012, in which Petitioner was found guilty of possessing a sharpened instrument on August 4, 2012, and on August 10, 2012. (Id., at ¶ 4-5.) As a result of the August 4, 2012 incident, Petitioner was sanctioned with a loss of 41 days of good conduct credits, 3 months in disciplinary segregation, and 6 months of commissary privileges. (Id., at ¶ 4.) For the August 10, 2012 incident, Petitioner was sanctioned with a loss of 41 days of good conduct credits, 28 days forfeiture of non-vested good conduct time, and 3 months in disciplinary segregation. (Id., at ¶ 5.) Petitioner claims his due process rights were violated because the disciplinary hearing officer who conducted the hearing was not a staff member of the Bureau of Prisons and therefore lacked the authority to render a decision. On October 1, 2013, Respondent filed an answer to the petition. Petitioner did not file a traverse.

## II.

## DISCUSSION

### A. Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

In this case, Petitioner challenges the execution of his sentence. Therefore, the Court has jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

**B.      Venue**

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. At the time of filing, Petitioner was in the custody of the Bureau of Prisons at the Taft Correctional Institution in Taft, California, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d). Therefore, venue is proper in this Court.

**C.      Exhaustion**

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (per curiam), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. See also Chua Han Mow, 730 F.2d at 1313.

However, the exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir.1978). Because exhaustion is not required by statute, it is not jurisdictional. Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987); Montgomery, 572 F.2d at 252. "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the

3

petitioner to exhaust his administrative remedies before proceeding in court." Brown, 895 F.2d at 535.

The Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. §§ 542.10 et seq. First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13. If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request. 28 C.F.R. § 542.14. Upon denial by the warden of the institution, the prisoner may appeal the decision by filing a complaint with the Regional Director of the Bureau of Prisons. 28 C.F.R. § 542.15. The Regional Director's decision may be appealed to the General Counsel in Washington, D.C. Id. Appeal to the General Counsel is the final step in the administrative remedy process. Id.

Respondent contends that Petitioner has failed to exhaust his administrative remedies. He states that Petitioner did not obtain seek review of his claims beyond the Regional Director level. From the exhibits, it appears Petitioner's appeal to the Regional Director was denied as untimely.[1] (Resp't's Answer, Ex. 1, Vickers Decl. at ¶ 7.) Futility is an exception to the exhaustion requirement. Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (citing S.E.C. v. G.C. George Sec., Inc., 637 F.2d 685, 688 n.4 (9th Cir. 1981)) ("exceptions to the general rule requiring exhaustion cover situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.") In this case, the Court finds that the administrative process would be futile, insofar as any further appeal would be untimely and Respondent would reject Petitioner's claims in any case. Accordingly, the Court finds that exhaustion should be excused in this matter.

### D. Review of Petition

On August 4, 2012, prison staff at Taft Correctional Institution searched Petitioner's cell

---

[1] Petitioner states that the DHO report does not set forth a date when it was delivered to him; therefore, he argues the appeal should not have been denied as untimely. As Respondent correctly notes, however, the initial appeal was filed within the required time and was not denied as untimely. It was Petitioner's subsequent appeals which were rejected as untimely.

and discovered another inmate's radio and headphones along with a razor blade broken into pieces and taped to the radio's batteries. (Resp't's Answer, Ex. 1, Vickers Decl. at ¶ 4.) He was issued an incident report for possessing a sharpened instrument and accepting anything of value. (Id., at ¶ 4.) On August 11, 2012, staff discovered a blade missing from a razor during a check of inventory issued to inmates. (Id., at ¶ 5.) As a result, he was issued an incident report for possessing a sharpened instrument. (Id., at ¶ 5.) On September 27, 2012, he appeared before a Discipline Hearing Officer ("DHO"). At the hearing, with respect to the August 4 incident, Petitioner admitted to borrowing the items and using the razor blade to "jump" the batteries. (Id., at ¶ 4.) As to the August 11 incident, Petitioner admitted he kept the razor to sharpen pencils. (Id., at ¶ 5.) The DHO found Petitioner committed the charged acts and recommended sanctions. Because the DHO was an employee of a privately operated facility, the hearing and report was forwarded to the Bureau of Prisons ("BOP") whereupon a BOP staff member reviewed the hearing and report. On October 10, 2012, the BOP staff member certified the report and the recommended sanctions were imposed.

Petitioner argues that the disciplinary process violates his due process rights because the hearing was conducted by a contracted employee and not a BOP staff member as required by statute, thereby depriving him of an impartial hearing body. In support of his argument, Petitioner cites to Arredondo-Virula v. Adler, 510 F.App'x 581 (9th Cir.2013), wherein the Ninth Circuit determined that contract prison employees are not BOP staff according to statute, and therefore a contracted prison employee may not conduct disciplinary hearings insofar as 28 C.F.R. § 541.10(b)(1) (2010) provides that "only institution staff may take disciplinary action."

Arredondo-Virula is distinguishable from the instant case. On June 20, 2011, the Code of Federal Regulations was revised, including sections concerning the inmate disciplinary process. According to the 2011 revisions, the inmate discipline program applies to all prisoners in BOP custody including those held in a contracted facility. 28 C.F.R. § 541.2 provides:

> This program applies to sentenced and unsentenced inmates in Bureau custody. It also applies to sentenced and unsentenced inmates designated to any prison, institution, or facility in which persons are held in custody by direction of, or under an agreement with, the Bureau of Prisons.

Section 541.10(b)(1) (2010), which contained the language the Ninth Circuit found to be determinative in <u>Arredondo-Virula</u>, was repealed. Presently, Section 541.8(b) sets forth who may be a disciplinary hearing officer, as follows:

> Discipline Hearing Officer. The DHO will be an impartial decision maker who was not a victim, witness, investigator, or otherwise significantly involved in the incident.

The previous qualification that "only institution staff" could take disciplinary action is no longer in force. Nonetheless, there is language in Section 541.1 defining the purpose of the disciplinary program which references BOP staff imposing sanctions, as follows:

> This subpart describes the Federal Bureau of Prisons' (Bureau) inmate discipline program. This program helps ensure the safety, security, and orderly operation of correctional facilities, and the protection of the public, *by allowing Bureau staff to impose sanctions on inmates who commit prohibited acts*. Sanctions will not be imposed in a capricious or retaliatory manner. The Bureau's inmate discipline program is authorized by 18 U.S.C. 4042(a)(3).

28 C.F.R. § 541.1 (emphasis added).

      As noted by Respondent, in 2007 the BOP issued a memorandum to provide guidance in inmate discipline matters occurring in privately operated facilities. According to the memorandum, prior to the imposition of sanctions for an inmate housed at a private facility, a BOP staff member must review and certify the matter, and impose sanctions if warranted. The Court agrees with Respondent that this procedure comports with the current statutory language concerning the imposition of sanctions set forth in 28 C.F.R. § 541.1 et seq. (2011), and does not run afoul of the plain meaning of the law since the BOP maintains the authority to impose sanctions. As Respondent points out, a similar protocol exists with respect to matters involving inmate discipline at Residential Re-entry Centers ("halfway houses"), and courts have upheld such hearings as satisfying due process requirements. See <u>Flores v. Thomas</u>, 2012 WL 70575, at *3 (D. Or. Jan. 5, 2012); <u>Dickerson v. Thomas</u>, 2011 WL 3704264, at *3 (D. Or. Aug. 22, 2011); <u>Stevens v. Thomas</u>, 2011 WL 3563131, at *3 (D. Or. Aug. 10, 2011); <u>Harris v. Norwood</u>, 2008 WL 5377647, at *1 (C.D. Cal. Dec. 16, 2008) (no due process violation where petitioner at RRC given CDC hearing, with review by DHO prior to sanctions of credits loss and disciplinary transfer).

In this case, the incidents occurred on August 4, 2012 and August 11, 2012, after the effective date of the 2011 revisions. Although the DHO was an employee of the privately contracted prison, the report was submitted to a BOP staff member who reviewed it, certified it, and ultimately imposed sanctions in accordance with Section 541.1. Therefore, Petitioner did not suffer a violation of his due process rights. Accordingly, the petition should be denied with prejudice.

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to District Judge Lawrence J. O'Neill pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 19, 2013**

UNITED STATES MAGISTRATE JUDGE